IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR503 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ANTONIO FRANCISCO GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objection, Filing No. 27, to the report and recommendation ("R&R") of the magistrate. Filing No. 23, Transcript of Suppression Hearing at 56:23 *et seq.* Defendant moved to suppress evidence seized after police executed a no-knock warrant, contending that police obtained the evidence in violation of his *Miranda* rights. Filing No. 18. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed of the entire record including the transcript of the suppression hearing. The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings.

Omaha Police officers, led by the Emergency Response Unit ("ERU"), executed a no-knock warrant on the house in question in this case. The ERU secured the house and then additional police officers entered the premises. The ESU cuffed all occupants and placed some of them on the floor. The officers saw weapons in a basement bedroom. The

undisputed testimony shows that prior to being read his *Miranda* rights, the defendant volunteered information about his reasons for possessing these weapons. R&R at 60. Following the discovery of these and additional guns as well as marijuana, defendant received his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant thereafter voluntarily talked with the police officers. Defendant indicated that he had nothing to do with the drugs but admitted to the possession of the guns. The police then arrested and escorted defendant to headquarters where they again questioned the defendant.

Defendant filed a motion to suppress alleging that he should have received his *Miranda* rights prior to the statements he made to police. However, the court agrees with the findings of the magistrate. The statements initially made by the defendant were voluntary. The police officers did not interrogate or question defendant. Statements made voluntarily, where no coercion or duress exists, do not require *Miranda* warnings. *United States v. Hatten*, 68 F.3d 257, 262 (8th Cir. 1995). Consequently, the court concludes that the initial statements were voluntary, that no coercion or duress occurred, and the defendant's objections should be overruled. The magistrate further found, and the court agrees, that the police gave *Miranda* warnings to the defendant before any questioning ensued. Consequently, the court agrees that all subsequent statements made by the defendant were voluntary. Therefore, the objections as to the post-*Miranda* statements are overruled.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing no. 18, is denied;

2. Defendant's objection, Filing No. 27, to the report and recommendation of the magistrate is overruled; and

3.  The report and recommendation, Filing No. 23, is adopted in its entirety.

DATED this 1st day of July, 2005.

                        BY THE COURT:

                        s/ Joseph F. Bataillon  
                        JOSEPH F. BATAILLON  
                        United States District Judge